UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JAMIE BECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-cv-182-WGH-TWP |
| | ) | |
| CITY OF EVANSVILLE, | ) | |
| UNKNOWN EVANSVILLE POLICE | ) | |
| DEPARTMENT OFFICERS, and | ) | |
| ZACHARY ELFREICH, individually and | ) | |
| as an Officer of the Evansville Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Magistrate Judge on the Defendants' Motion for Judgment on the Pleadings (Filing No. 44), the parties' consent (Filing No. 8; Filing No. 9), and Judge Pratt's Order of Reference (Filing No. 11). The motion is fully briefed. (*See* Filing No. 45; Filing No. 49; Filing No. 50; Filing No. 54; Filing No. 55.) The Magistrate Judge, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby **GRANTS** the motion in part and **DENIES** it in part.

I. **Background**

On March 22, 2011, Evansville police arrested Plaintiff Jamie Becker at his home subject to a warrant. Becker's Complaint alleges the following sequence of events.

Officers of the Evansville Police Department (EPD)—including a canine unit—were greeted at the door by Becker's mother and followed her into the home when she called up the stairs to Becker that police were present with a warrant for his arrest. (Filing No. 1-1 at ¶¶ 9–10.) Becker, who had been sleeping, yelled in response that he was dressing and would be downstairs in a moment. (*Id.* at ¶¶ 7, 10.) Becker then dressed and proceeded from his bedroom to the staircase. (*Id.* at ¶ 11.) As Becker approached the stairs, an EPD officer—without warning or provocation—unleashed a police dog, which viciously attacked Becker. (*Id.*) An officer then threw Becker down two stairs face first, placed his knee in Becker's back, and held Becker's hands behind his back—all while the dog continued to bite Becker's leg. (*Id.* at ¶ 12.) Becker claims that the dog chewed on his leg for approximately one minute and that he was severely and permanently injured as a result of the attack. (*Id.* at ¶¶ 13–14.)

In October of 2012, Becker initiated this action in state court, accusing the City of Evansville, the EPD, former Police Chief Brad Hill, EPD Officer Tim Nussmeier, and unidentified EPD officers of battery, negligence, and negligent supervision under Indiana law. (*See* Filing No. 1-1.) Becker also raised claims under 42 U.S.C. § 1983, alleging that the Defendants used excessive force in violation of his Fourth Amendment right to be free from unreasonable seizures. (*See* Filing No. 1-1.) The Defendants promptly removed the action to this Court. (*See* Filing No. 1.) In January of 2013, the Magistrate Judge—by the parties' agreement— dismissed the EPD, Chief Hill, and Officer Nussmeier from

the action and added Officer Zachary Elfreich as the defendant accused of unleashing the police dog. (*See* Filing No. 13; Filing No. 15.)

**II.     Legal Standard**

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis,* 742 F.3d 720, 727–28 (7th Cir. 2014). Therefore, the Magistrate Judge should consider only the allegations presented in the Complaint. *Wilson v. Price,* 624 F.3d 389, 391 n.1 (7th Cir. 2010) (citation omitted). The Magistrate must treat all well-pled allegations in the Complaint as true and draw all inferences in Becker's favor. *Bielanski v. County of Kane,* 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).

To avoid dismissal, Becker need not have advanced detailed factual allegations, but only "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). However, his allegations must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" and they must "'raise a right to relief above the speculative level.'" *Pisciotta,* 499 F.3d at 633 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). This means the Complaint must enable the Magistrate to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

3

**III. Discussion**

The Defendants argue that Becker's Complaint is deficient in five respects. The Magistrate Judge addresses each issue in turn.

**A. Becker may proceed in his claims against unidentified officers.**

Becker has raised claims against "unknown officer[s] of the Evansville Police Department" whose identities he has hoped to uncover through discovery. (*E.g.,* Filing No. 1-1 at ¶¶ 26, 30, 42.) The Defendants offer dictum for the proposition that pleadings against unidentified defendants fail as a matter of law. *See Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) ("We note in passing that it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . nor can it otherwise help the plaintiff"). The Defendants further argue that Becker should not be granted leave to amend his Complaint to reflect any officers identified through discovery because the deadline to do so under the case management was April 1, 2013. (*See* Filing No. 14 at ¶ III(D).)

Although the Magistrate Judge values adherence to the case management plan, Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend pleadings] when justice so requires." The Seventh Circuit has suggested that courts should allow amendment absent a showing of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *See Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010). The Defendants may offer such a showing when Becker moves

4

for leave to amend his Complaint, but the Magistrate declines to dismiss Becker's claims against unidentified defendants at this stage.

This being said, Becker cannot wait until the moment of trial to identify all his Defendants. Accordingly, he may move for leave to amend his Complaint to identify new EPD officers as defendants within 15 days of the issuance of this order. If Becker fails to timely move for leave to amend his Complaint, the Magistrate Judge will dismiss all claims against unidentified officers with prejudice and without further notice. The Magistrate acknowledges that a discovery dispute remains unresolved in this matter and may reconsider this deadline if Becker can demonstrate that the Defendants have wrongly withheld information that would have enabled him to more quickly identify his yet-unnamed officers.

### B. The parties have agreed to dismissal of Counts II and III against Defendant Elfreich in his individual capacity.

Counts I, II, and III of the Complaint accuse Defendant Elfreich (and the remainder of the Defendants) of battery, negligent supervision, and negligence. (*See* Filing No. 1-1 at ECF ¶¶ 23–34.) The Indiana Tort Claims Act (ITCA) grants government employees immunity for actions they commit within the scope of their employment, Ind. Code § 34-13-3-5(b), but it does not immunize actions that are "malicious" or "willful and wanton," Ind. Code § 34-13-3-5(c)(3)–(4). The parties have agreed that the ITCA protects Officer Elfreich (in his individual capacity) against the negligence claims but not the battery claims. (*See* Filing No. 50 at ECF pp. 1–3; Filing No. 54 at ECF p. 3.) Accordingly, the Magistrate finds Counts II and III must be dismissed to the

5

extent they would hold Officer Elfreich liable in his individual capacity, but Becker may proceed against Officer Elfreich on Count I.[1]

## C. Becker may proceed in his state law claims against the City.

Becker asserts the same state law claims—battery, negligent supervision, and negligence—against the City. The Defendants argue that the negligent supervision and negligence claims are barred by the ITCA, which grants governmental entities immunity for losses resulting from the "enforcement of . . . a law . . . unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8)(A). The Defendants concede in their reply brief that the Indiana Supreme Court has refused to extend the ITCA's law-enforcement-immunity provision to claims of excessive force and that Becker's battery claim therefore must survive. (*See* Filing No. 50 at ECF p. 3 (applying *Wilson v. Isaacs*, 929 N.E.2d 200, 203–204 (Ind. 2010)).) They maintain, however, that the City is entitled to immunity as to Counts II and III.

The Indiana Supreme Court derived its holding in *Wilson* from its earlier decision in *Patrick v. Miresso*. *See Wilson*, 929 N.E.2d at 203–04. In *Patrick*, the court held that the ITCA's law enforcement immunity did not protect the City of Gary or its police officers from a negligence claim by a third party struck by a police car that had been apprehending a fugitive. *Patrick v. Miresso*, 848 N.E.2d 1083, 1084, 1086–87 (Ind. 2006). The *Patrick* court reasoned that a

---

[1] The Magistrate Judge finds no reason the ITCA should not apply the same way to any additional EPD officers Becker is able to identify. Therefore, should Becker move for leave to name additional officers, he must either omit them from Counts II and III or explain why negligence claims against them should be treated different from negligence claims against Officer Elfreich.

6

separate provision of Indiana law created a "statutory duty to operate emergency vehicles 'with due regard for the safety of all persons'" and that the statutory duty trumped the ITCA. Id. at 1087 (quoting Ind. Code § 9-21-1-8(d)(1)). Using the same approach, the Wilson court reasoned that a separate provision of Indiana law created a statutory duty for governments and their law enforcement officers to use only "reasonable force" in effecting arrests and that the statutory duty trumped the ITCA's law-enforcement immunity. See Wilson, 929 N.E.2d at 203–04 (applying Ind. Code § 35-41-3-3(b)).

The Magistrate Judge finds no reason to distinguish between intentional torts and negligence when dealing with the ITCA's law-enforcement-immunity provision in an excessive force case. First, although the Wilson court stated only that an officer who uses excessive force "may commit the torts of assault and battery," id. at 203, the opinion does not suggest negligence was raised in that case. Second, Wilson was based on Patrick, which allowed a negligence claim to proceed because of a duty to drive "'with due regard for the safety of all persons.'" Patrick, 848 N.E.2d at 1087 (quoting Ind. Code § 9-21-1-8(d)(1)). That statutory language does not inherently suggest a right of action in negligence any more than the use-of-force statute's imposition of a duty to use no more than "<u>reasonable</u> force." See Ind. Code § 35-41-3-3(b) (emphasis added) (as applied in Wilson, 929 N.E.2d at 203–04). Third, the foundation of any negligence claim is a duty to act reasonably. See, e.g., Ind. Model Civ. Jury Instruction 1107 (2012 Ed.) ("Negligence is the failure to use reasonable care") (citing, e.g., S. Ry. Co. v. Harpe, 58 N.E.2d 346, 348 (Ind. 1944)). Accordingly,

7

if a duty to use no more than reasonable force creates any cause of action, it would seem to create a cause of action in negligence.  Finally, the ITCA's law-enforcement-immunity provision does not include an exception for malicious or willful and wanton conduct like its personal-capacity-immunity provision. *Compare* Ind. Code § 34-13-3-3(8) *to* Ind. Code § 34-13-3-5(b).  This suggests that the law-enforcement-immunity provision should apply evenly to claims of negligence and intentional torts where excessive force is alleged.

This conclusion is not affected by the Defendants' invocation of *City of Anderson v. Davis*.  (*See* Filing No. 50 at ECF p. 2; Filing No. 55 at ECF p. 2.)  In *Davis*, the Indiana Court of Appeals held that a municipality was immune from a negligence claim by one of its own police officers, who was attacked and injured by a police canine that had been unleashed to search for a suspect. 743 N.E.2d 359, 364–65 (Ind. Ct. App. 2001).  The court explained that allowing negligence claims to proceed where law-enforcement immunity might otherwise apply "would render the act largely meaningless.  It is, after all, the *Tort* Claims Act." *Id.* at 365.  But, in *Patrick*, the Indiana Supreme Court later discarded any notion that the ITCA's law-enforcement-immunity provision always protects municipalities from negligence suits.  *See* 848 N.E.2d at 1086–87.  And, in *Wilson*, it held that law-enforcement immunity does not apply to unreasonable uses of force.  *See* 929 N.E.2d at 203–04.  Therefore, whatever remains of *Davis* would seem negated by Becker's allegations that the City negligently allowed its officers to use unreasonable force in arresting him.

8

For those reasons, the Magistrate Judge infers that the Indiana Supreme Court would not distinguish between negligence and intentional torts when determining the reach of the ITCA's law-enforcement-immunity provision in excessive force cases. Therefore, the Magistrate declines at this stage to order dismissal of Becker's state law claims against the City.

### D. Becker has withdrawn his claims against Officer Elfreich in his official capacity.

The parties agree that claims against a public employee in his <u>official</u> capacity amount to claims against the employer. (*See* Filing No. 45 at ECF p. 2 (citing *Crawford v. City of Muncie,* 655 N.E.2d 614, 621 (Ind. Ct. App. 1995)); Filing No. 49 at ECF p. 5.) Becker therefore has withdrawn his claims against Officer Elfreich in his official capacity, as they would be duplicative of his claims against the City. Accordingly, the Magistrate Judge orders dismissal of any claim against Officer Elfreich in his official capacity. This does not affect the viability of Becker's claims against the City, which the Magistrate addresses at length below.[2]

### E. Counts IV, V, and VI must be dismissed as to the City, but Becker may amend his Complaint as to these Counts.

In Count IV of his Complaint, Becker accuses all the Defendants of acting under color of state law to violate his Fourth and Fourteenth Amendment rights by using excessive force. (Filing No. 1-1 at ¶¶ 35–39.) In

---

[2] Again, the Magistrate Judge finds no reason this rule should not apply the same way to any additional EPD officers Becker is able to identify. Therefore, should Becker move for leave to name additional officers, he must either omit claims against them in their official capacities or explain why they should be treated different from claims against Officer Elfreich.

9

Count V, Becker accuses the City of violating the same rights by adopting and implementing "careless and reckless policies, customs, or practices that included, among other things, the use of canine animals in the effectuation of arrest." (*Id.* at ¶¶ 41–44.) And, in Count VI, Becker accuses the City of violating the same rights by adopting "policies, pursuant to practices or customs within the Evansville Police Department that allow, among other things, the use of excessive force when other and more reasonable and less drastic measures are available." (*Id.* at ¶¶ 45–48.) The Defendants move the Court to dismiss these claims against the City because the Complaint describes a single event—Becker's arrest on March 22, 2011—and contains no specific allegations about any EPD policy, practice, or custom. (*See* Filing No. 45 at ECF pp. 3–5.)[3]

The Complaint states the following allegations concerning the City's policies, practices, and customs:

1. . . . Action is also brought against the City of Evansville for its failure to properly train and supervise the individual defendants in the proper use of force and its establishment of policies, procedures, practices, and customs regarding arrests that result in the excessive use of force.

. . .

15. Defendants [Elfreich] and the other unknown officers of the Evansville Police Department had no adequate training

---

[3] In its brief, the Defendants suggest that, to the extent Count IV asserts a claim against the City, it should be dismissed on the same grounds as Counts V and VI. (*See* Filing No. 45 at ECF p. 3.) In its reply brief, the Defendants speak only to Counts V and VI. (*See* Filing No. 50 at ECF pp. 4–5.) The Magistrate Judge finds that the same reasoning would apply to all three counts and therefore addresses them collectively.

> regarding the use of reasonable force in the effectuation of an arrest.
>
> 16. Defendants Brad Hill and the City of Evansville failed to promulgate and/or implement adequate policies, procedures and customs which led to the use of excessive and unreasonable force against the Plaintiff.
>
> . . .
>
> 18. The Defendants Brad Hill and City of Evansville failed to adequately supervise the Defendants [Elfreich] and his K-9 Unit and the other unknown officers of the Evansville Police Department.
>
> . . .
>
> 41. . . . Defendant City of Evansville implicitly and/or explicitly adopted and implemented careless and reckless policies, customs or practices that included, among other things, the use of canine animals in the effectuation of arrest.
>
> 42. That the failure of the Chief of Police, Brad Hill, and the City of Evansville to adequately train and supervise Defendants [Elfreich] and other unknown officers of the Evansville Police Department regarding the proper use of a canine in the effectuation of an arrest, amounts to the deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the 4th and 14th Amendments to the United States Constitution.
>
> . . .
>
> 46. Defendant City of Evansville has adopted policies pursuant to practices or customs within the Evansville Police Department that allow, among other things, the use of excessive force when other and more reasonable and less drastic measures are available.

(Filing No. 1-1.)

"In litigation under § 1983, a municipality is not vicariously liable for the constitutional torts of its employees but is answerable only for the consequences of its policies." *Dye v. Wargo*, 253 F.3d 296, 298 (7th Cir. 2001)

11

(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To prevail on a § 1983 claim against the City, Becker must prove that "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690; *Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 675 (7th Cir. 2002)). "To state a claim against a municipality under § 1983, a plaintiff must identify a municipal policy or custom that caused the injury." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) (citing *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell*, 436 U.S. at 694). A single unconstitutional act can serve as a basis for municipal liability under § 1983, but only if "proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (as cited in Filing No. 54 at ECF p. 5). And, "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985) (applying *Tuttle*, 471 U.S. 808, 823–24).

These segments of Becker's Complaint fail to set forth a plausible claim for relief against the City. After Chief Hill's dismissal from this suit, the Complaint cannot be read as alleging that an official with final policy-making

12

authority caused Becker's injuries. And, although Counts IV, V, and VI allege that Becker's injuries were caused by a policy, practice, or custom of the EPD, they do not tell what policy, practice, or custom is in question. Moreover, because the Complaint describes a single event, the Magistrate Judge is unable to ascertain a policy, practice, or custom from the facts alleged in the Complaint.

Consequently, Becker's allegations fall short of Rule 8's plausibility threshold. Paragraphs 1, 16, 41, and 46 of the Complaint generally allege that the City either implemented policies that resulted in an excessive use of force against Becker or failed to implement policies that would have prevented an excessive use of force. But, the Complaint includes no factual allegations about a specific policy, practice, or custom or how it condoned excessive force. Paragraphs 1, 15, 18, and 42 generally allege that the City caused Becker's injuries by failing to adequately train its officers in using appropriate force or using canines to execute arrests. But, the Complaint includes no factual allegations that, if true, would demonstrate that these deficiencies in training and supervision were products of a deliberate or conscious choice by the City. *See* City of Canton v. Harris, 489 U.S. 378, 388–89 (1989) (as cited in Filing No. 49 at ECF p. 7). As Judge Lawrence recently explained, a complaint that states the framework of a *Monell* claim but is devoid of any facts that would support it

cannot advance. See *Milan v. City of Evansville,* No. 3:13-cv-1-WTL-WGH, 2013 WL 5592450 at *2 (S.D. Ind. Oct. 10, 2013) (slip opinion).[4]

Rule 8 does not require Becker to "prove his case in the Complaint" (Filing No. 49 at ECF p. 7; Filing No. 52 at ECF p. 5), but it demands that he "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Pisciotta,* 499 F.3d at 633. Becker's § 1983 claims against the City accomplish the former but fail at the latter. Therefore, the Magistrate Judge orders dismissal of Counts IV, V, and VI against the City.

Even so, the Magistrate Judge grants Becker leave to amend Counts IV, V, and VI against the City. Again, Rule 15 advises judges to "freely give leave [to amend pleadings] when justice so requires," and the Seventh Circuit has urged courts to "'allow at least one amendment regardless of how unpromising the initial pleading appears.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed.)). If Becker can identify a specific EPD policy, practice, or custom as the cause of his injuries, or if he can identify facts that would plausibly suggest the existence of such a policy, practice, or custom, he may move for leave to set them forth in an amended Complaint within fifteen days of the issuance of this Entry. If Becker fails to timely move for leave to amend his Complaint, the Magistrate will

---

[4] The Magistrate Judge acknowledges Becker's argument that his allegations are more specific than those dismissed in *Milan*. Even if this is so—and the Magistrate need not decide—Becker's allegations fail to state a plausible claim for relief.

dismiss Becker's § 1983 claims against the City with prejudice and without further notice.

## IV. Conclusion

For the foregoing reasons, the Magistrate Judge **GRANTS** the Defendants' motion in part and **DENIES** it in part. The Magistrate **GRANTS** the Defendants' motion to the extent he **ORDERS** that the following claims be **DISMISSED**:

- Counts II and III against Officer Elfreich in his personal capacity;
- Counts IV, V, and VIII against the City; and
- any claim against Officer Elfreich in his official capacity.

The Magistrate Judge **DENIES** the Defendants' motion to the extent he leaves the following claims in tact:

- Count I against all Defendants (except Officer Elfreich in his official capacity);
- Counts II and III against the City and such presently unidentified officers as Becker successfully amends his Complaint to include; and
- Count IV against Officer Elfreich and such presently unidentified officers as Becker successfully amends his Complaint to include.

Within 15 days of the issuance of this order, Becker may move for leave to amend his Complaint to:

- name presently unidentified EPD officers as Defendants; and
- state a plausible claim for relief against the City under § 1983.

If Becker fails to timely amend his Complaint in either respect, the Magistrate

Judge will order that the corresponding claim be dismissed with prejudice and without further notice.

**SO ORDERED** this 22nd day of April, 2014.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**