UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JAMIE BECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:12-cv-182-WGH-TWP |
| | ) | |
| CITY OF EVANSVILLE, | ) | |
| UNKNOWN EVANSVILLE POLICE | ) | |
| DEPARTMENT OFFICERS, and | ) | |
| ZACHARY ELFREICH, individually and | ) | |
| as an Officer of the Evansville Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION

This matter is before the Magistrate Judge on Plaintiff Jamie Becker's Motion to Compel Production ([Filing No. 38](#)), the parties' Consents to Magistrate Judge jurisdiction ([Filing No. 8](#); [Filing No. 9](#)), and Judge Pratt's Order of Reference ([Filing No. 11](#)). Becker filed his motion and brief on February 20, 2014 ([Filing No. 38](#); [Filing No. 39](#)), and the Defendants responded on March 26, 2014 ([Filing No. 48](#)). Becker declined to file a reply brief. The Magistrate Judge, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby **GRANTS** the motion.

### I.     Background

In this lawsuit against the City of Evansville and Evansville Police Department Officer Mark Elfreich, Plaintiff Jamie Becker claims that the

Defendants caused him permanent injuries and violated his constitutional rights when they allowed a police dog to attack him when they arrested him on March 22, 2011. (*See* [Filing No. 1-1](#).) The Defendants moved for summary judgment on October 30, 2013, asserting the defense of qualified immunity as to claims against Officer Elfreich. (*See* [Filing No. 27 at ECF pp. 20–22](#).) Two weeks later, Becker moved the Court to grant him leave to respond until after the close of discovery. ([Filing No. 30](#).) Hearing no objection, the Court reset the close of discovery for March 1, 2014, and ordered Becker to respond by March 22. ([Filing No. 35](#).)

On March 11, 2014, the Defendants also moved for judgment on the pleadings. ([Filing No. 44](#).) The Court partially granted that motion on April 22, leaving the following claims unresolved:

- Count I (battery) against the City and Officer Elfreich in his individual capacity;
- Counts II (negligence) and III (negligent supervision) against the City; and
- Count IV (violation of Fourth Amendment rights under [42 U.S.C. §1983](#)) against Officer Elfreich in his individual capacity.

([Filing No. 56 at ECF p. 15](#).)

Becker's Motion to Compel asks the Court to order the Defendants to produce a variety of documents and records relating to the EPD's training programs and policies, complaints citizens have raised against the EPD and its officers, and the conduct and discipline of Officer Elfreich and the canine used in Becker's arrest. (*See* [Filing No. 38](#); [Filing No. 39](#).)

## II. Legal Standard

A party to litigation is entitled to discover from his adversary "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A party who resists a discovery request bears the burden of demonstrating that the materials requested should not be discoverable. *See, e.g.*, Fed. R. Civ. P. 26(b)(5)(A), 26(c)(1).

## III. Discussion

The Defendants ask the Court to stay Becker's requests on grounds that complying with them would be unduly burdensome in light of their motions for judgment on the pleadings and summary judgment. (*See* Filing No. 48 at ECF pp. 1–2.) The Defendants do not object to any of Becker's requests as seeking privileged or otherwise undiscoverable evidence. Because the requests strike the Magistrate Judge as seeking relevant evidence, and because the Defendants have not asserted privilege or irrelevance, the Magistrate declines to find any request inadequate. Instead, the Magistrate limits his analysis to whether discovery should be stayed pending resolution of the other motions.

### A. Becker's requests remain relevant after the Court's resolution of the Defendants' Motion for Judgment on the Pleadings.

The Defendants first ask the Court to stay Becker's requests pending resolution of their Motion for Judgment on the Pleadings. (*See* Filing No. 48 at ECF pp. 2–3.) The Court has ruled on that motion. Although the Court has ordered dismissal of some of Becker's claims, the Magistrate Judge finds that each of Becker's requests is relevant to at least one claim remaining in the Complaint. Therefore, the Magistrate declines to further stay Becker's requests

3

or relieve the Defendants from responding to any of them on the basis of the Motion for Judgment on the Pleadings.

### B. Becker's requests are relevant regardless how the qualified immunity issue is resolved.

The Defendants next ask the Court to stay Becker's requests pending resolution of their Motion for Summary Judgment because it invokes the defense of qualified immunity as to claims against Officer Elfreich. (*See* [Filing No. 48 at ECF pp. 3–7](#).) "Governmental actors performing discretionary functions are entitled to qualified immunity from suits for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" [*Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 713 (7th Cir. 2013)](#) (quoting [*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)](#)). Qualified immunity protects government actors from all the rigors of litigation, not only liability. *See* [*Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012)](#) (applying [*Saucier v. Katz*, 533 U.S. 194, 200 (2001)](#)). So, although the Court ordinarily would wait until the close of discovery to consider summary judgment, qualified immunity presents a reason to reverse that sequence. [*Id.*](#)

Even so, the Magistrate Judge finds no reason to stay Becker's requests. Qualified immunity only protects individuals. Becker maintains three active claims—battery, negligence, and negligent supervision—against the City, and the Magistrate finds that each of Becker's requests is relevant to at least one of those claims. Therefore, even if the Magistrate granted qualified immunity as

4

to all claims against Officer Elfreich, the City would remain obligated to respond to all of Becker's requests. Because no resolution of the qualified immunity question would relieve the Defendants of any discovery burden, the Magistrate finds no reason to stay discovery.[1]

IV. **Conclusion**

For the foregoing reasons, the Magistrate Judge **GRANTS** Becker's motion to compel. The Magistrate orders the Defendants to satisfy Becker's requests by May 29, 2014. Because the deadline to complete discovery was March 1, and because this is the only discovery dispute the parties have raised, the Magistrate orders all other discovery closed at this time. The Magistrate also orders Becker to respond to the Defendants' Motion for Summary Judgment ([Filing No. 26](Filing No. 26)) by June 19, 2014.

**SO ORDERED** this 29th day of April, 2014.

_William G. Hussmann, Jr._
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

---

[1] Whether trial should be stayed pending resolution (including appeals) of the qualified immunity issue is a separate question and one the parties may raise in a separate motion.