**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| JAMIE BECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-00182-TWP-MPB |
| | ) | |
| CITY OF EVANSVILLE, and | ) | |
| ZACHARY ELFREICH, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER ON PENDING MOTIONS**</u>

This matter is before the Court on Plaintiff Jamie Becker's ("Becker") Motion in *Limine* (Filing No. 153) and Motion to Renumber Counts for Trial (Filing No. 154).  Becker asks the Court to prohibit the Defendants from introducing into evidence his prior criminal convictions for intimidation and battery by means of a deadly weapon.  Additionally, Becker asks the Court to renumber the counts in his Amended Complaint prior to trial "for the purpose of clarity."  For the following reasons, Becker's Motion in *Limine* is **denied**, and the Motion to Renumber Counts for Trial is **granted**.

## I.    <u>LEGAL STANDARD</u>

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose.  *See Hawthorne Partners v. AT&T Technologies, Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id*. at 1400–01.  Moreover, denial of a motion in *limine* does not necessarily mean that

all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded.  *Id*. at 1401.

## II.    BACKGROUND

The facts of this case have been set forth in numerous prior filings.  The Court begs the parties' pardon because the background below is copied and pasted from prior filings.

Becker is a resident of Evansville, Indiana.  Defendant Zachary Elfreich ("Officer Elfreich") is a police officer for the Evansville Police Department ("EPD").  Defendant City of Evansville is a political subdivision of the State of Indiana for which Officer Elfreich serves as a police officer.  Becker has asserted that Officer Elfreich used excessive force in effectuating his arrest pursuant to an outstanding arrest warrant.  He further alleges that the City of Evansville has demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

At the time of the incident between Becker and Officer Elfreich, the City of Evansville had in effect a "Canine Unit Policy" codified as EPD Standard Operating Procedure 359.03, wherein police dogs are trained to bite and hold when apprehending a suspect and further authorizes the dog's handler to unleash the dog resulting in the dog not being under the officer's complete control and within the line of sight of the officer.  The City of Evansville also has a policy and practice of training their canine handlers to recall the dog before it bites a person if the officer observes the suspect surrendering while the dog is approaching the suspect.

During the early evening hours of March 11, 2011, Becker was at his mother's house, where he lives, located at 617 North Hess Avenue, Evansville, Indiana.  Becker was in bed in his bedroom upstairs with his girlfriend.  He had recently returned home from work.  Officer Elfreich and his canine partner, Axel, along with other EPD officers arrived at the residence to execute an

arrest warrant for Becker.  An arrest warrant had been issued for an incident that occurred approximately a month earlier.  Becker had threatened to kill his brother-in-law while he held a large kitchen knife to his neck.

When Officer Elfreich and the other police officers arrived at the Becker residence, they spoke with Becker's mother, Brinda Becker, and asked if Becker was home because they had a warrant for his arrest.  Brinda Becker advised that he was upstairs asleep and said she would go get him.  Brinda Becker went to the stairs leading to the second floor of the house and yelled upstairs to Becker that police officers were there to arrest him on a warrant.  Becker responded that he was getting dressed and would come downstairs.

After Becker did not promptly appear, Officer Elfreich prepared to use Axel and yelled from the entryway of the house, "Police department K-9, come out now or I will release my dog and you will get bit."  Approximately thirty seconds after issuing the warning and hearing no response, Officer Elfreich unleashed Axel and instructed him to find Becker, knowing that Axel would bite and hold the first person he encountered.  Like all of the EPD's dogs, Axel was trained in the "bite-and-hold" technique.  On command, Axel will search for a person, bite the first person he finds, and hold that person with his teeth until Officer Elfreich commands him to release.

Once unleashed, Axel ran from the front door to the back of the house and began up the stairs.  At the same time, Becker and his girlfriend had begun coming down the stairs.  Becker was holding his hands on top of his head so the police would know he was surrendering and was not a threat to their safety.  After walking a few steps, Becker reached a landing where he felt Axel brush his left leg and then bite him.  Becker shouted to Officer Elfreich to call off Axel because he was coming downstairs.  Officer Elfreich ran to the steps, following Becker's voice.  Officer Elfreich

saw that Axel had bitten Becker's leg but did not command him to release Becker; rather, he commanded Becker to get on the floor.

After he was bitten, Becker remained standing with his hands on his head.  Officer Elfreich grabbed Becker by the front of his shirt collar and pulled him down the remaining stairs.  Becker's eyeglasses fell off his face, and he landed hard on the floor on his chest and head.  Axel, who had lost his grip when Officer Elfreich pulled Becker down the stairs, ran to Becker and started biting Becker's left calf and shook his head violently.  Becker lay still on the floor with his hands behind his back, not resisting his arrest.  Officer Elfreich placed his knee in Becker's back, handcuffed him, and only then ordered Axel to release his grip.  Axel complied with the order to release his bite on Becker.  Becker alleges that Axel bit him for approximately a minute.  Someone called for an ambulance, and when advised that an ambulance would take approximately ten minutes, an EPD officer placed Becker into a police cruiser, and he was taken to the hospital where he underwent surgery for the injuries he suffered.  The matter is now scheduled for trial on Becker's claims of battery, negligence and excessive force.

### III.    DISCUSSION

Becker has asked the Court to exclude from trial evidence of his prior criminal convictions and to renumber the counts in his Amended Complaint for the purpose of clarity for trial.  The Court will address each of Becker's motions in turn.

### A.    Motion in *Limine*

Becker explains that he was charged with intimidation, a class C felony, and battery by means of a deadly weapon, a class C felony, in the Vanderburgh Superior Court under two different cause numbers.  On August 26, 2011, Becker pled guilty to the intimidation charge as a class D felony.  Also on August 26, 2011, Becker pled guilty to the battery by means of a deadly weapon

charge as a class C felony.  Becker asserts that Federal Rule of Evidence 404 prohibits the use of evidence of a crime or other bad act to prove a person's character and to show that the person acted in accordance with that character on a particular occasion.  Becker acknowledges that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  F.R.E. 404(b)(2).

Becker argues that when a claim of excessive force is raised, in determining whether the officer's actions were objectively reasonable, a jury may consider "only those circumstances known and information available to the officer at the time of his action."  *Sherrod v. Berry*, 856 F.2d 802, 804 (7th Cir. 1988).  The jury is to "stand in the shoes of the officer and judge the reasonableness of his actions based on the information he possessed in responding to that situation."  *Common v. City of Chicago*, 661 F.3d 940, 943 (7th Cir. 2011).  Becker asserts that, when Officer Elfreich was deposed, he testified that he was executing a felony warrant based on the battery, but he made no mention of the intimidation charge.  Becker then asserts,

> The Plaintiff does not rule out the possibility that Defendant Elfreich was aware of these additional circumstances before he arrived at the Plaintiff's residence. The Defendants should be ordered not to reveal to the jury, however, the existence of the Intimidation charge, or the factual details behind either charge unless it can be shown that Defendant Elfreich was aware of those matters prior to his encounter with Plaintiff.

(Filing No. 153-1 at 3).

Additionally, Becker argues that his conviction for intimidation should be excluded under Rule 609 because it is not a crime involving a dishonest act or a false statement, so it does not directly bear on his credibility, and it is unclear whether Officer Elfreich was aware of the intimidation when he arrested Becker, so there is no relevance to the issue of whether the officer's actions were reasonable.  Becker explains that the probative value of the intimidation conviction in reflecting on credibility is outweighed by its prejudicial effect because the "term intimidation

connotes aggressiveness or belligerence.  This would unduly prejudice the Plaintiff in the eyes of a jury deciding whether the Defendant's use of force against such a person was unreasonable." (Filing No. 153-1 at 4.)  Becker concedes, however, that his battery conviction is admissible for impeachment purposes.

Responding to the Motion in *Limine*, the Defendants assert that Officer Elfreich did not mention the intimidation conviction during his deposition because Becker's counsel never asked him questions about the intimidation charge or conviction.  The Defendants then explain that Officer Elfreich's incident report showed that he was advised of both the battery and intimidation charges before arresting Becker.  The Defendants argue that such information is admissible to establish that Officer Elfreich and other police officers on the scene reasonably believed Becker was potentially an armed and dangerous suspect, which would have impacted their interactions and actions as well as Officer Elfreich's use of his canine partner, Axel.  This information directly bears on the reasonableness of Officer Elfreich's actions.

The Defendants further explain that evidence of both convictions is admissible for impeachment purposes.  The battery and intimidation convictions each include "imprisonment for more than one year," and thus, under Rule 609(a)(1)(A), evidence of either or both convictions "must be admitted, subject to Rule 403, in a civil case."  "In other words, felony convictions are presumptively admissible as evidence of untruthfulness if the probative value of this evidence is not outweighed by its prejudicial effect."  *United States v. Chapman*, 765 F.3d 720, 729 (7th Cir. 2012).  The Defendants point out that the fact that the intimidation conviction is not a crime involving dishonesty is irrelevant because Rule 609(a)(1)(A) applies, not 609(a)(2). The Defendants argue that even if the term "intimidation" connotes aggressiveness or belligerence, Becker's actions showed his aggressiveness and belligerence, and the EPD officers knew of

Becker's threatening behavior when they were executing the felony warrant.  This directly pertains to the reasonableness of the officers' actions.  Thus, the probative value of the evidence outweighs any potential undue prejudice.

Finally, the Defendants assert that Becker's convictions are admissible relative to any claim for lost wages because his plea agreement and convictions resulted in his incarceration, and his incarceration bears directly on any claim for lost wages.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  F.R.E. 404(b)(1).  However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  F.R.E. 404(b)(2).

Rule 609 governs "attacking a witness's character for truthfulness by evidence of a criminal conviction."  "[F]or a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403, in a civil case."  F.R.E. 609(a)(1)(A).

The Court again notes that it excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose.  *Hawthorne Partners*, 831 F. Supp. at 1400.  The Defendants contend that evidence concerning Becker's battery and intimidation convictions was known by Officer Elfreich and the other EPD officers executing the arrest warrant at the time that they effectuated Becker's arrest.  This evidence relates directly to the reasonableness of the officers' actions at the time of the arrest.  Defendants understand such evidence may not be offered to prove Becker's character in order to show that on a particular occasion Becker acted in accordance with that character.  Additionally, the evidence is permissible for impeachment

purposes.  Becker my tender a jury instruction on this issue and may request a limiting instruction

by the Court at the time this evidence is offered by Defendants'.  Becker's Motion in *Limine* is not

justified.  Therefore, the Court **DENIES** the Motion in *Limine*.

**B.**     **Motion to Renumber Counts for Trial**

Becker's Motion to Renumber Counts for Trial states in its entirety:

As the result of the Court's ruling on Defendant's Motion for Summary
Judgment, and for the purpose of clarity, the Plaintiff moves to renumber the causes
of action remaining for trial as follows:

| Amended Complaint | Renumbered count for trial |
|---|---|
| Count I (Battery against Elfreich and City) | Count I |
| Count III (Negligence against Elfreich and City) | Count II |
| Count IV and VI (Excessive force claim against Elfreich) | Count III |
| Count V (Excessive force claim against City) | Count IV |

(Filing No. 154.)

In response to the motion, the Defendants assert,

The Motion . . . lacks any substantive basis for the clarification or supporting
authority.  It is clear that Plaintiff seeks to sanitize the Amended Complaint relative
to the claims that this Court previously dismissed.  The Amended Complaint is a
relevant document to be disclosed to and reviewed by the jury at trial.  Inasmuch,
renumbering the counts of the Amended Complaint will only confuse the jury and
lead to unnecessary time spent trying to clarify the Amended Complaint and the
renumbering of claims thereunder.  *See, e.g., Miller v. Account Mgmt. Servs., LLC*,
2007 U.S. Dist. LEXIS 93678, *4 (N.D. Ind. 2007) ("ambiguous Petition to
"clarify" . . . has seemingly spawned confusion, rather than eliminated it.").  No
reasonable basis exists for renumbering the counts of the Amended Complaint for
trial and the Court should, therefore, deny the Motion.

(Filing No. 161).

The Court does not provide the Amended Complaint to the jury during trial.  Thus, the

Amended Complaint will not cause jury confusion or a lack of clarity.  However, the counts are

numbered on the verdict forms.  The fact that Count II was dismissed in summary judgment is not

relevant to any issues for trial.  There is no prejudice to Defendants if the counts are renumbered

in sequence and sequential counts may avoid confusion by the jury when they complete their verdict forms.  Therefore, Becker's Motion to renumber the counts is **GRANTED**.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Becker's Motion in *Limine* (Filing No. 153) is **DENIED.**   An order in *limine* is not a final, appealable order.  During the course of the trial, if the parties believe that evidence being offered is inadmissible or irrelevant, counsel may approach the bench and request a hearing outside the presence of the jury.  Becker's Motion to Renumber Counts for Trial (Filing No. 154) is **GRANTED**.

**SO ORDERED.**

Date: 11/1/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven L. Whitehead
whiteroc@gibsoncounty.net

Michael C. Keating
KEATING & LAPLANTE
mkeating@keatingandlaplante.com

Jason Michael Spindler
SPINDLER LAW
jason@spindlerlaw.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com