UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAMIE BECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-00182-TWP-MPB |
| ) | |
| CITY OF EVANSVILLE, and ) | |
| ZACHARY ELFREICH, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**ORDER ON ADMISSIBILITY OF EXHIBITS**

This matter is before the Court on an Amended Motion for Ruling on Admissibility of Exhibits filed by Plaintiff Jamie Becker ("Mr. Becker"). Mr. Becker requested an order in *limine* regarding the admissibility of the exhibits of Defendants the City of Evansville and Zachary Elfreich (collectively "Defendants"). Defendants' Exhibit List (Filing No. 180) designated twenty-six exhibits for trial. Mr. Becker filed written objections to each of the twenty-six exhibits (Filing No. 184).

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

During the final pretrial conference on November 9, 2016, Mr. Becker's objections to Defendants' exhibits were discussed. Mr. Becker's objections to Exhibits 200, 201, 202, 215, 216, 217, 218, 219, 220, and 221 were sustained. The Court reserved the issue of admissibility of any prior criminal conviction for impeachment under Federal Rule of Evidence 609. Mr. Becker's objections to Exhibits 207–214 were overruled, and his objection to Exhibit 225 was sustained. Mr. Becker withdrew his objection to the admissibility of Exhibit 204, and the Court took under advisement the objections to Exhibits 203, 205, 206, 222, 223, and 224, giving Defendants one week to file a written response. (Filing No. 188 at 3.)

Defendants filed their written response to Mr. Becker's objections on November 16, 2016 (Filing No. 189). Mr. Becker's objections to Exhibits 203, 205, 206, 222, 223, and 224 are based on hearsay and the argument that the exhibits do not fall within one of the exceptions to the hearsay rule. Defendants respond that the exhibits are admissible under FRE 801(d) as a prior consistent statement of a declarant-witness to rehabilitate the witness's credibility. Additionally, Defendants assert that the exhibits are admissible under FRE 803(5) as an exception to the hearsay rule because they are recorded recollections that can refresh the recollection of witnesses. Defendants also assert other various 803(5) exceptions for the various exhibits.

Mr. Becker's objections and Defendants' responses to the objections are of a nature that requires the Court to consider and rule upon admissibility within the context of trial. Accordingly, the Court **DENIES** Mr. Becker's Amended Motion for Ruling on Admissibility of Exhibits regarding Exhibits 203, 205, 206, 222, 223, and 224 (Filing No. 184). If the Defendants offer these particular exhibits into evidence during the trial, the Court will rule on any objections at that time.

**SO ORDERED.**

Date: 11/17/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven L. Whitehead
whiteroc@gibsoncounty.net

Michael C. Keating
KEATING & LAPLANTE
mkeating@keatingandlaplante.com

Jason Michael Spindler
SPINDLER LAW
jason@spindlerlaw.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com