UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAMIE BECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-00182-TWP-MPB |
| | ) |
| CITY OF EVANSVILLE, and | ) |
| ZACHARY ELFREICH, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' OBJECTION TO COURT'S PRELIMINARY INSTRUCTION NO. 3

This matter is before the Court on Defendants the City of Evansville's and Zachary Elfreich's (collectively "Defendants") Objection to Court's Preliminary Instruction No. 3 (Filing No. 198). Preliminary Instruction No. 3 is the parties' joint issue instruction, which states in part, "Mr. Becker claims that Officer Elfreich was negligent, that he committed a battery while arresting him, and that Officer Elfreich used excessive force in violation of his constitutional rights."

Defendants object to this language in the issue instruction, asserting that this is an incorrect statement of law. Defendants propose that the sentence be amended to read, "Mr. Becker claims that Officer Elfreich used excessive force in violation of his state law and constitutional rights." They argue that:

> There is no claim recognized under Indiana law for negligence in the use of force by a police officer. The Supreme Court in *Wilson v. Isaacs*, 929 N.E.2d 200 (Ind. 2010) held, "if an officer uses an unreasonable or excessive force, the officer may commit the tort of assault and battery." Plaintiff has asserted a battery claim against the Defendants. Any claim for negligence against either Defendant is foreclosed based on the statutory immunity under I.C. 34-13-3-3(8) and *Wilson*.
>
> State law claims for negligence and battery are also foreclosed against Officer Elfreich because the Supreme Court in *Wilson* affirmed summary judgment

>   on the state law claims in favor of the officer based on I.C. 34-13-3-5(b) which states "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." . . . Plaintiff concedes that Officer Elfreich was acting within the scope of his employment with the City. . . . Thus, no state law battery or negligence claim can stand against Officer Elfreich.

(Filing No. 198 at 1–2).

In response, Plaintiff asserts that Preliminary Instruction No. 3, the Issue Instruction, is a *preliminary* instruction informing the jury of the parties' contentions in general, and correctly sets forth Plaintiff's claims in Counts I, II, and III of the Amended Complaint, as it is renumbered for trial. Plaintiff further asserts that the issue of whether the state law claims of Count I (Battery) and Count II (Negligence) were committed is one that the jury must determine. Plaintiff also explains that this issue could have been raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and can still be raised at the conclusion of the evidence and addressed in the final jury instructions.

The language in the Court's proposed Preliminary Instruction No. 3 is taken directly from the parties' Joint Issue Instruction (*see* Filing No. 183-1 at 1). The Court notes that Defendants did not previously object to the inclusion of the language "Mr. Becker claims that Officer Elfreich was negligent, that he committed a battery while arresting him, and that Officer Elfreich used excessive force in violation of his constitutional rights."

The Court further notes that although Defendants did not raise an objection to these issues in a motion to dismiss, Defendants previously raised these same arguments during the summary judgment proceedings. After reviewing the summary judgment filings, the summary judgment Order, the decision in *Wilson v. Isaacs*, and the cited statutory provisions, the Court continues to hold to the summary judgment ruling regarding Plaintiff Jamie Becker's claims for negligence, battery, and excessive force. The procedural posture with which this matter goes to trial includes

Plaintiff's claims for negligence and battery and those claims are properly set forth in the parties' Joint Issue Instruction. For the reasons explained in the Entry on Defendants' Motion for Summary Judgment (Filing No. 105 at 73–77), the Court **overrules** Defendants' Objection to the Court's Preliminary Instruction No. 3 (Filing No. 198).

    SO ORDERED.

Date: 11/23/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven L. Whitehead
whiteroc@gibsoncounty.net

Michael C. Keating
KEATING & LAPLANTE
mkeating@keatingandlaplante.com

Jason Michael Spindler
SPINDLER LAW
jason@spindlerlaw.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com