UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JAMIE BECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-00182-TWP-MPB |
| ) | |
| CITY OF EVANSVILLE, and ) | |
| ZACHARY ELFREICH, ) | |
| ) | |
| ) | |
| Defendants. ) | |

### ORDER ON (1) DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED EXHIBIT LIST AND (2) PLAINTIFF'S MOTION IN *LIMINE*

This matter is before the Court on Defendants the City of Evansville's and Zachary Elfreich's (collectively "Defendants") Objection to Plaintiff's Amended Exhibit List (Filing No. 204) and Plaintiff Jamie Becker's ("Mr. Becker") Motion in *Limine* regarding the testimony of witness Lacy Riddle (Filing No. 208).

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

**A. Defendants' Objection to Plaintiff's Amended Exhibit List**

The Defendants object to Mr. Becker's Amended Exhibit List, Filing No. 200, asserting that Exhibits 100, 101, and 102 were not previously disclosed and are irrelevant to the issues for

trial. The Defendants argue that these exhibits, previously unidentified standard operating procedures of the Evansville Police Department ("EDP"), are not relevant because the issue for the jury to decide is whether Defendant Elfreich used reasonable force, not whether less lethal force was available or should have been used.

Exhibits 100 and 101, EPD's standard operating procedures for "Flash/Bang Device" and "Swat/Hostage Negotiating Teams," are not relevant to the issues for trial and were not timely disclosed. Therefore, the Court **sustains** Defendants' objection to these exhibits.

Exhibit 102, EPD's standard operating procedure for "Warrant Service Matrix," may be relevant to the issues for trial, but it appear that this exhibit was not timely disclosed. The Court **takes this objection under advisement**, and Mr. Becker is given until **3:00 p.m. Evansville time on Monday, November 28, 2016**, to file a response to the Defendants' objection to Exhibit 102. Mr. Becker should explain why Exhibit 102 was not timely disclosed and how the exhibit is relevant for trial.

The Defendants object to Mr. Becker's Exhibit 103, "Summary of Plaintiff's medical expenses and medical expenses," arguing that it "is not admissible as it does not accurately reflect the amounts, if any, that Plaintiff paid for said medical bills, the amounts, if any, marked down by the medical provider, and the amounts, if any, paid by insurance or government funding, thus further reducing said medical bills." ([Filing No. 204 at 2](Filing No. 204 at 2).) The Defendants may challenge this exhibit during cross examination. Accordingly, this is a proper argument to be made to the jury to reduce any damages amount, not to exclude the exhibit, and thus, the Court **overrules** Defendants' objection to this exhibit.

### B. Mr. Becker's Motion in *Limine*

In his Motion in *Limine*, Mr. Becker asks the Court to limit the testimony of witness Lacy Riddle ("Ms. Riddle"), who is listed on Defendants' trial witness list. Ms. Riddle, the sister of Mr. Becker, was recently deposed by Defendants, and she testified regarding Mr. Becker's prior acts of violence against family members, Mr. Becker's alcohol use, and Mr. Becker's mother's fear of Mr. Becker. During her deposition, Ms. Riddle acknowledged that she did not convey any of this information to Defendant Elfreich prior to the March 11, 2011 incident at issue for trial.

Mr. Becker asserts that this information is highly prejudicial and irrelevant because Defendant Elfreich did not know of the information at the time of the incident. Mr. Becker asks that the Court order the "Defendants not inquire, through the testimony of Lacy Riddle, regarding a) any acts of violence by the Plaintiff directed at her, her mother, or her husband, b) her mother's alleged fear of the Plaintiff, and c) the Plaintiff's alleged abuse of alcohol, until such time as the relevance and admissibility of such testimony is demonstrated to the Court outside the presence of the jury." (Filing No. 208 at 1–2.)

Because this information could be unfairly prejudicial to Mr. Becker and may not be relevant to the issues at trial, the Court **GRANTS** Mr. Becker's Motion in *Limine* (Filing No. 208). The Defendants are **ordered** to refrain from eliciting any testimony from Ms. Riddle regarding any prior acts of violence by Mr. Becker against Ms. Riddle, Ms. Riddle's husband, or Mr. Becker's mother; Mr. Becker's mother's alleged fear of Mr. Becker; and Mr. Becker's alleged abuse of alcohol unless the Defendants first establish relevancy and admissibility of such testimony outside the presence of the jury.

**SO ORDERED.**

Date: 11/28/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven L. Whitehead
whiteroc@gibsoncounty.net

Michael C. Keating
KEATING & LAPLANTE
mkeating@keatingandlaplante.com

Jason Michael Spindler
SPINDLER LAW
jason@spindlerlaw.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com