UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JAMIE BECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-00182-TWP-MPB |
| | ) | |
| CITY OF EVANSVILLE, and | ) | |
| ZACHARY ELFREICH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL**

This matter is before the Court on a Motion for New Trial filed pursuant to Federal Rule of Civil Procedure 59 by Plaintiff Jamie Becker ("Becker") ([Filing No. 232](#)). After a three-day jury trial on Becker's claims against the City of Evansville ("the City") and Zachary Elfreich ("Elfreich") (collectively, "Defendants"), for excessive force and municipal liability, the jury returned a verdict in favor of the Defendants on each of Becker's claims. Becker filed a Motion for New Trial, requesting that the Court determine the jury verdict is against the weight of the evidence and to grant him a new trial. For the following reasons, the Court **DENIES** Becker's Motion.

**I. BACKGROUND**

Becker is a resident of Evansville, Indiana. Elfreich is a police officer for the Evansville Police Department ("EPD"). The City of Evansville is a political subdivision of the State of Indiana. Becker filed this action alleging that Elfreich used excessive force in effectuating his arrest pursuant to an outstanding arrest warrant. He also alleged that EPD and the City demonstrated a custom and policy of deliberate indifference to the constitutional rights of its citizens.

At the time of the incident between Becker and Elfreich, the City had in effect a "Canine Unit Policy," codified as EPD Standard Operating Procedure 359.03, wherein police dogs are trained to bite and hold when apprehending a suspect and further authorizes the dog's handler to unleash the dog resulting in the dog not being under the officer's complete control and within the line of sight of the officer. EPD also has a policy and practice of training their canine handlers to recall the dog before it bites a person if the officer observes the suspect surrendering while the dog is approaching the suspect.

During the early evening hours of March 11, 2011, Becker was at his mother's house, where he lived, located at 617 North Hess Avenue, Evansville, Indiana. Becker was in bed in his bedroom upstairs with his girlfriend. He had recently returned home from work. Elfreich and his canine partner, Axel, along with other EPD officers, arrived at the residence to execute an arrest warrant for Becker. An arrest warrant had been issued for an incident that occurred approximately one month earlier. Becker had threatened to kill his brother-in-law while he held a large kitchen knife to his neck.

When Elfreich and the other officers arrived at the Becker residence, they spoke with Becker's mother, Brinda Becker, and asked if Becker was home because they had a warrant for his arrest. Brinda Becker initially responded that she was uncertain whether he was home but then later advised that he was upstairs asleep and said she would go get him. Brinda Becker went to the stairs leading to the second floor of the house and yelled upstairs to Becker that police officers were there to arrest him. Becker testified that he responded he was getting dressed and would come downstairs.

Becker did not promptly appear because he was getting dressed. Elfreich prepared to use Axel and yelled from the entryway of the house, "Police department K-9, come out now or I will

2

release my dog and you will get bit." Approximately thirty seconds after issuing the warning and hearing no response, Elfreich unleashed Axel and instructed him to find Becker, knowing that Axel would bite and hold the first person he encountered. Like all of EPD's dogs, Axel was trained in the "bite-and-hold" technique. On command, Axel will search for a person, bite the first person he finds, and hold that person with his teeth until Elfreich commands him to release.

Once unleashed, Axel ran from the front door to the back of the house and began up the stairs. At the same time, Becker and his girlfriend had begun to descend the stairs. Becker was holding his hands on top of his head so the police would know he was surrendering and was not a threat to their safety. After walking a few steps, Becker reached a landing where he felt Axel brush against his leg and then bite him. Becker shouted to Elfreich to call off Axel because he was coming downstairs. Elfreich ran to the stairs toward Becker's voice. Elfreich saw that Axel had bitten Becker's leg but did not command him to release Becker; rather, he commanded Becker to get on the floor. Becker's girlfriend was screaming and there was a lot of commotion. Becker testified that he did not hear Elfreich's command to get on the floor.

After he was bitten, Becker remained standing on the landing of the stairs with his hands on his head. Elfreich grabbed Becker by the front of his shirt collar and pulled him down the remaining three stairs. Becker's eyeglasses fell off his face, and he landed hard on the floor on his chest and head. Axel, who had lost his grip when Elfreich pulled Becker down the stairs, ran to Becker and started biting Becker's left calf and shook his head violently. Becker lay still on the ground with his hands behind his back, not resisting arrest. Elfreich placed his knee in Becker's back, handcuffed him, and then ordered Axel to release his grip. Axel complied with the order to release his bite on Becker. Becker testified that it felt like Axel was biting him for many minutes but that in reality it was about a minute. An ambulance was called to treat Becker's dog bite, and

when advised that the ambulance would take approximately ten minutes, an EPD officer placed Becker into a police cruiser, and he was taken to a hospital where he underwent surgery for the injuries he sustained.

Becker filed this action on October 19, 2012, asserting various civil rights and tort claims against Elfreich, the City, and other defendants. After motions for judgment on the pleadings, summary judgment motions, an appeal to the Seventh Circuit, and remand, Becker's claims for excessive force and municipal liability against Elfreich and the City were tried by a jury on November 29 through December 1, 2016. On December 1, 2016, the jury returned a verdict in favor of the Defendants. Judgment was entered against Becker on December 2, 2016, and Becker filed his Motion for New Trial on December 28, 2016.

## II.   LEGAL STANDARD

Under Trial Rule 59, district courts have broad discretion to grant or deny a new trial. On a motion for a new trial, the court considers whether the verdict is against the weight of the evidence, the damages are excessive, or the trial was not fair to the moving party. *Marcus & Millichap Inv. Servs. of Chi., Inc. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011); *see also Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014) ("new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party"). "[T]he district court's decision to deny the request for a new trial [is reviewed] for abuse of discretion." *Venson*, 749 F.3d at 656.

Parties seeking a new trial or amendment to a verdict under Rule 59 "bear a particularly heavy burden because a court will set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict." *Sekulovski*, 639 F.3d at 314. "Rule 59(a) is not intended to allow parties to merely relitigate old matters or to present the case

4

under new theories; rather, a motion for a new trial not predicated on the discovery of new evidence is intended to correct manifest errors of law or fact." *Int'l Paper Co. v. Androscoggin Energy LLC*, 2005 U.S. Dist. LEXIS 22066, at *8 (N.D. Ill. Sept. 30, 2005). "With a jury verdict in their favor, the defendants are entitled to a favorable interpretation of the evidence as we entertain such questions as whether the verdict was against the manifest weight of the evidence." *Venson*, 749 F.3d at 644 (citing *Barber v. City of Chicago*, 725 F.3d 702, 705 (7th Cir. 2013)).

### III. DISCUSSION

In his Motion for New Trial, Becker does not assert that the trial was in some way unfair. Rather, Becker claims that he is entitled to a new trial because the verdict returned by the jury is against the weight of the evidence. Becker asserts that the force used to effectuate his arrest was unreasonable, especially because he did not resist arrest or try to flee. He explains that "less lethal" force was available to Elfreich to arrest him, and because of the availability of less lethal force, the use of a police dog to arrest him was excessive. Becker also summarizes the competing expert testimony that was offered during trial from Dr. Christopher Chapman (Becker's expert) and Sergeant Michael Patton (Defendants' expert) regarding the use of force and EPD's use of force policies. Each of the arguments raised by Becker in his Motion for New Trial was presented to the jury with competing testimony and evidence, and the jury concluded that the force used by Elfreich was reasonable and that the City did not have municipal liability.

While Becker points to facts that are favorable to his position and makes the argument that Elfreich's use of force was unreasonable, Becker fails to explain how the jury's verdict is against the weight of evidence. The evidence adduced at trial supported the jury's decision to find no liability on the part of the Defendants. As noted above, the Court will "set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the

5

verdict." *Sekulovski*, 639 F.3d at 314.  Becker has not argued that the members of the jury were irrational.  As the Seventh Circuit noted in *Venson*, "[t]his was a swearing contest, and nothing precluded the jury from crediting the defendants' account of what occurred.  Their testimony is sufficient to support the verdict."  *Venson*, 749 F.3d at 658.  Such is the case with Becker.  The parties were afforded the opportunity to present testimony and evidence and to make their arguments for their claims.  The jury then considered the testimony, evidence, and arguments and determined that the Defendants had no liability based on the evidence.  When viewing the evidence presented at trial in the light most favorable to Defendants--as the Court must do--the Court does not find that the evidence did not adequately support the jury's finding that Elfreich did not use excessive force when he deployed Axel in the course of making an arrest. Becker has failed to show that the verdict is against the manifest weight of evidence, and therefore, he is not entitled to a new trial.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Becker's Motion for New Trial (Filing No. 232).

**SO ORDERED.**

Date: 5/10/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

| | |
|---|---|
| Steven L. Whitehead<br>whiteroc@gibsoncounty.net | Robert L. Burkart<br>ZIEMER STAYMAN WEITZEL & SHOULDERS<br>rburkart@zsws.com |
| Michael C. Keating<br>KEATING & LAPLANTE<br>mkeating@keatingandlaplante.com | Keith W. Vonderahe<br>ZIEMER STAYMAN WEITZEL & SHOULDERS<br>kvonderahe@zsws.com |
| Jason Michael Spindler<br>SPINDLER LAW<br>jason@spindlerlaw.com | Jean Marie Blanton<br>ZIEMER STAYMAN WEITZEL & SHOULDERS<br>jblanton@zsws.com |